UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DAVID NOREIKAS,**

    **Plaintiff,**

**-v-**

**LAWRENCE J. ROACH d/b/a
LAW OFFICE OF LARRY ROACH**

    **Defendant.**

Case No. 3:12-cv-316

Judge Thomas M. Rose

___

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM (Doc. #6)**

___

This matter is before the Court on Plaintiff David Noreikas's ("Noreikas's") Motion To Dismiss. (Doc. #6.) Therein, Noreikas seeks to dismiss Defendant Lawrence Roach's ("Roach's") Counterclaim.

The time has run and Roach has not responded to Noreikas's Motion To Dismiss. The Motion To Dismiss is, therefore, ripe for decision.

Roach's Answer to Noreikas's Complaint includes a Counterclaim composed of two Counts. Count I is for violation of 15 U.S.C. § 1692k(a)(3) for filing a bad faith claim. (Doc. #4.) Count II is for violation of Ohio Rev. Code § 2323.51 for filing a frivolous claim.

**STANDARD OF REVIEW**

Noreikas seeks to dismiss Roach's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a party to test whether, as a matter of law, the opposing party is entitled to legal relief even if everything alleged in the complaint, counterclaim in this case, is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v.*

*Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

## ANALYSIS

Section 1692k(a)(3) does not provide an independent cause of action. *Mirfendereski v. Rakestraw*, No. 2:10-CV-306, 2011 WL 3584325 at *3 (S.D. Ohio Aug. 15, 2011); *Kropf v. TCA, Inc.*, 752 F. Supp.2d 797, 800 (E.D. Mich. 2010). Thus, Noreikas's Motion To Dismiss Count I of Roach's Counterclaim is granted. However, this ruling should not be interpreted as precluding Roach from moving for attorneys' fees and costs at the appropriate stage of this litigation.

Ohio Rev. Code § 2323.51 also does not provide an independent cause of action. *Cox v.*

*Potter Leasing, Inc.*, No. 91AP-1013, 1992 WL 55442 at *1 (Ohio Ct. App. Mar. 17, 1992). Thus, Noreikas's Motion To Dismiss Count II of Roach's Counterclaim is dismissed. However, as above, this ruling should not be interpreted as precluding Roach from moving for attorneys' fees and costs at the appropriate stage of this litigation.

Roach's Counterclaim also asks the Court to impose Rule 11 sanctions. However, Rule 11 does not create an independent cause of action. *Gordon Food Service, Inc. v. Hot Dog John's, Inc.*, 601 N.E.2d 131, 136 (Ohio Ct. App. 1991); *Collins v. Allen*, No. 1:04-CV-572, 2005 WL 1073369 at *2 (S.D. Ohio Mar. 16, 2005). Therefore, Roach's Counterclaim cannot serve as a complaint seeking Rule 11 sanctions.

Both Counts of Roach's Counterclaim have been dismissed and Roach's Counterclaim cannot serve as a complaint seeking Rule 11 damages. Therefore, Noreikas's Motion To Dismiss (doc. #6) is GRANTED.

**DONE** and **ORDERED** in Dayton, Ohio this Second Day of January, 2013.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record